UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM ABOUTAAM,

                            Plaintiff,

-against-

AHMAD EL ASSAAD and PRIDE INVESTS SAL,

                            Defendants.

1:18-cv-08995 (ALC) (KHP)

**MEMORANDUM & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

      Pending before the Court is Defendants' motion to enforce a settlement agreement entered into by Plaintiff and Defendants at a settlement conference with Magistrate Judge Katharine H. Parker. ECF No. 136. On April 26, 2021, Magistrate Judge Parker issued a Report and Recommendation denying Defendants' motion to enforce the settlement agreement. ECF No. 158. For the reasons that follow, the Court adopts the Report and Recommendation in full and denies Defendants' motion to enforce the settlement agreement.

## BACKGROUND

      The Court presumes the parties' familiarity with the underlying facts in this case. A more complete summary of the facts can be found in this Court's March 31, 2020 Opinion and Order on Defendants' motion to dismiss and Plaintiff's cross motion for partial summary judgment. ECF No. 96. The procedural history relevant to this motion was documented in Judge Parker's Report and Recommendation, to which the Defendants object. ECF No. 158 ("Report").

      Relevant to the Defendants' objections, the Report analyzed whether the parties had an enforceable agreement under New York and federal common law. Judge Parker concluded that the agreement reached during the parties' settlement conference was not enforceable under either body

1

of law. Report at 24. Defendants filed objections to the Report and Recommendation on May 18, 2021. *See* ECF No. 164 ("Obj."). Plaintiff submitted an opposition to those objections on June 01, 2021. *See* ECF No. 165.

## LEGAL STANDARDS

### I. Reviewing a Report and Recommendation

After a magistrate judge issues a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" in the district court. 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination to those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) ("If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made.'" (quoting 28 U.S.C. § 636(b)(1))). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)).

If, however, "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [their] original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (internal citation omitted); *see also Colliton v. Donnelly*, No. 07 Civ. 1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) ("The vast majority of plaintiff's objections are patently frivolous and require no discussion."); *Brown v. Ebert*, No. 05

Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) ("[W]here the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." (quoting *Gardine v. McGinnis*, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006))).

## DISCUSSION

In the Report, Magistrate Judge Katharine H. Parker analyzed whether the parties had an enforceable agreement under New York and federal common law. *See* Report at 8-9. Judge Parker concluded that the agreement reached during the parties' settlement conference was not enforceable under either body of law. *See id.* at 24.

Defendants do not object to this choice of law. *See generally* Obj. Defendants' objections argue that the Report was erroneous in two principal respects. First, Defendants argue Judge Parker erred in concluding that the settlement agreement was not made in "open court" and, therefore, did not fall under CPLR 2104 nor weigh in favor of enforceability under the fourth *Winston* factor. *See* Obj. at 6, 13. Defendants also argue that the settlement agreement did not reserve the right not to be bound by its terms, which would lean in favor of enforceability under the first *Winston* factor. *See id.* at 10. The Court will discuss each of these arguments in turn.

### I. The Settlement Agreement Was Not Made in "Open Court"

Under New York's CPLR 2104, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." Defendants argue that the oral agreement reached during the settlement conference

3

with Judge Parker was reached in "open court" and therefore was not required to be reduced to writing. *See* Obj. at 6.

As Judge Parker discussed in detail, the New York Court of Appeals has addressed the issue of whether settlements reached in off-the-record conferences qualify under this "open court" exception. Report at 10. The Court of Appeals held that "the open court exception ... does not extend to a conference in a Judge's chambers, even in these days of judicial intervention in settlement negotiations." *In re Dolgin Eldert Corp.*, 286 N.E.2d 228, 233 (N.Y. 1972). Defendants argue that a judge's notes summarizing a settlement are sufficient to bring the negotiation into "open court." Obj. at 7 (citing *Golden Arrow Films, Inc. v. Standard Club of California, Inc.*, 328 N.Y.S.2d 901 (1st Dep't 1972)). Judge Parker addressed this directly in the Report as well, and found that "the settlement in *Golden Arrow* was not an agreement to convey an interest in real property, as is the case here. Accordingly, there was no need for the court in *Golden Arrow* to consider the validity and enforceability of the oral settlement under New York General Obligations Law § 5-703—New York's Statue of Frauds." Report at 12. Defendants failed to cite legal authority regarding an agreement to convey real property "that equates a judge or other neutral's memorialization of an oral agreement, without the parties' subsequent endorsement, as a writing" in their briefing before Judge Parker and in the instant objections. Report at 22. Defendants counter that Judge Parker cited no legal authority for finding such a summarizing email insufficient, but the burden was on the Defendants to produce authority in support of their position, which they still fail to do today. Obj. at 8 ("[T]he Report fails to identify any case law which demonstrates that the Court's Email was not a sufficiently formal or standardized communication."). Therefore, the Court concurs with Magistrate Judge Parker's conclusion that the settlement agreement was not made in "open court." The Defendants' objection is overruled.

4

For clarity, the Court notes that this conclusion also pertains to Defendants' objection to Judge Parker's finding on the fourth *Winston* factor. *See* Obj. at 13. Under federal common law, Second Circuit courts determine "whether the parties intended to be bound in the absence of a writing [by considering] (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007) (citing *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)). These are referred to as the four *Winston* factors.

Defendants object to Judge Parker's finding as to the fourth *Winston* factor and argue that a writing was not required due to the "open court" exception. Obj. at 13 ("The Report admits that CPLR 2104 is relevant to the assessment of the fourth *Winston* factor [and] the June 2020 Agreement is enforceable under CPLR 2104 because it satisfies the 'open court' exception."). As the Court found the settlement agreement was not made in "open court," the Defendants' objection to Judge Parker's finding on the fourth *Winston* factor is overruled.

## II.     The Settlement Agreement Included a Right Not To Be Bound

Defendants lastly object to Judge Parker's finding that the parties reserved the right not to be bound by the settlement agreement absent a writing. This is relevant to the first *Winston* factor, and in her analysis on that point, Judge Parker found that "the effective date clause and merger clause included in Plaintiff's initial draft agreement demonstrate Plaintiff's intention not to be bound by the settlement until written execution." Report at 16. To come to this conclusion, Judge Parker relied on Second Circuit precedent that such a clause is "persuasive evidence" of an intent not to be bound. *Id.* (citing *Kaczmarcysk v. Dutton*, 414 F. App'x. 354 (2d Cir. 2011)).

5

Defendants object to this and argue *Dutton* is inapplicable because "there was no finding that the parties had actually agreed to the settlement before they began exchanging draft written agreements." Obj. at 12. But Defendants are mistaken, as the district court in *Dutton* noted that "[s]ettlement discussions have produced a settlement to which all parties have agreed. Drafting and circulation of the settlement documents remains to be done." *Kaczmarczyk v. Acme Contracting LLC*, No. 06-CV-1005 CBA VVP, 2009 WL 3739442, at *2 (E.D.N.Y. Nov. 3, 2009) (internal citations to the docket omitted); *see also* Report at 18 (noting this in the *Dutton* record). The Court is unpersuaded by Defendants' objection and adopts Judge Parker's finding as to the first *Winston* factor. The Defendants' objection is overruled.

## CONCLUSION

The Court has reviewed Magistrate Judge Parker's Report and Recommendation and comes to same conclusions. Accordingly, the Court adopts Judge Parker's Report and Recommendation in its entirety. Defendants' motion to enforce the settlement agreement is denied. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 136.

**SO ORDERED.**

**Dated:** **February 18, 2025**
**New York, New York**

                                                  **ANDREW L. CARTER, JR.**
                                                  **United States District Judge**